# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS LAMB,** | ) | **CASE NO. 1:13CV551** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **FINTEGRA LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #4) of Defendants, Fintegra, LLC ("Fintegra") and Doreen Weber ("Weber"), to Compel Arbitration and Stay All Proceedings Pending Litigation [sic], and the Motion (ECF DKT #8) of Plaintiff, Douglas Lamb, for Stay Pending FINRA Arbitration and to Vacate Case Management Order for 07/24/13. For the following reasons, the Motions are granted; the parties shall proceed to arbitration with the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution; the Case Management Conference is cancelled; and the above-captioned case is dismissed in its entirety.

## I. BACKGROUND

Plaintiff is a securities broker, who was formerly employed by Fintegra from March 2009 through August 2012.  Fintegra is a registered broker-dealer of investment securities and a member of FINRA.  Weber was the Chief Executive officer and President of Fintegra during the time period relevant to this action.

On January 24, 2013, Fintegra initiated arbitration with FINRA against Plaintiff, alleging misconduct and breach of his employment agreement.

On January 31, 2013, Plaintiff filed the instant Complaint in Cuyahoga County Common Pleas Court, against Fintegra and Weber, asserting claims for spoliation and destruction of personal property, conversion, tortious interference with business relations, defamation and punitive damages.

On March 14, 2013, Defendants removed the state complaint to federal court, based upon diversity jurisdiction.  On the following day, Fintegra and Weber moved to compel arbitration and for a stay of all proceedings, pursuant to the terms of the Employment Agreement signed by Plaintiff on April 1, 2011.  Paragraph 18 of the Employment Agreement recites in pertinent part:

> Arbitration.  The Broker agrees that any controversy or dispute arising between he [sic] Broker and Fintegra with respect to this Agreement, the Broker's relationship with Fintegra or any other matter between Fintegra and the Broker shall be submitted for ultimate resolution through arbitration before FINRA. *** In the event of the Brokers' breach of this Agreement or any other provision of his employment relationship with Fintegra, the Broker agrees that Fintegra shall be entitled to any and all of its cost, expenses and/or attorneys' fees incurred as a result of the breach.

On June 11, 2013, Plaintiff filed his Motion (ECF DKT #8), acknowledging that "the

-2-

parties have now submitted themselves to the jurisdiction of FINRA and their respective

claims are now fully pled before FINRA," and "that this Court should order that the within

action be stayed and the parties' claims proceed in FINRA arbitration including Fintegra,

LLC's request for attorney fees under the subject agreement."  (ECF DKT #8, at 2.).

## II. LAW AND ANALYSIS

### The Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1, *et seq*.

The FAA provides that an arbitration clause in a "transaction involving commerce ...

shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

equity for the revocation of any contract."  9 U.S.C. § 2 (2003).  The FAA further mandates

that when the Court is "satisfied that the making of the agreement for arbitration ... is not in

issue, the court shall make an order directing the parties to proceed to arbitration in

accordance with the terms of the agreement."  9 U.S.C. § 4 (2003).  The FAA establishes a

liberal policy favoring arbitration agreements, and any doubts regarding arbitrability should

be resolved in favor of arbitration over litigation.  See *Fazio v. Lehman Bros., Inc.*, 340 F.3d

386, 392 (6th Cir.2003).  "A central purpose of the FAA is 'to reverse the longstanding

judicial hostility to arbitration agreements ... and to place arbitration agreements upon the

same footing as other contracts.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24

(1991).          The FAA requires courts to "rigorously enforce" arbitration agreements.  *Dean*

*Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).  Yet, arbitration clauses are subject

to the same defenses or bars as other contract provisions.  9 U.S.C. § 4 (2003).  The Court

must ascertain whether the parties agreed to arbitrate the dispute at issue.  See *Mitsubishi*

*Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  A party cannot be

required to arbitrate any dispute if the party has not agreed to do so. *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960). The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer*, 500 U.S. at 26.

Once a court determines a suit is referable to arbitration under the terms of a written agreement, the matter shall be stayed "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (2003). However, it may be appropriate, in certain circumstances, to dismiss a case rather than stay the proceedings. *Stachurski v. DirecTV, Inc.*, 642 F.Supp.2d 758, 764 (N.D.Ohio 2009). "If all the claims in the case are within the scope of the arbitration agreement and 'there is 'nothing left for the district court to do but execute judgment,' dismissal [of the case] is appropriate.'" *Stachurski, id.* (citing *Ewers v. Genuine Motor Cars, Inc.,* No. 1:07 CV 2799, 2008 WL 755268, at *7 (N.D.Ohio Mar. 19, 2008) (quoting *Arnold v. Arnold Corp.-Printed Communications for Business,* 920 F.2d 1269 (6th Cir.1990)).

In light of Defendants' Motion (ECF DKT #4) to Compel Arbitration and Stay All Proceedings, and Plaintiff's Motion (ECF DKT #8) for Stay Pending FINRA Arbitration, it is undisputed that this lawsuit is referable to arbitration under the terms of the parties' written agreement. Moreover, Paragraph 18 of the Employment Agreement is virtually all-

encompassing, as it recites: "[A]ny controversy or dispute arising between he [sic] Broker and Fintegra with respect to this Agreement, the Broker's relationship with Fintegra *or any other matter between Fintegra and the Broker shall be submitted for ultimate resolution through arbitration before FINRA*."  (Emphasis added).

Fintegra's claim that Plaintiff breached the Employment Agreement, as well as Plaintiff's allegations that Defendants are liable for spoliation, destruction of personal property, conversion, defamation, tortious interference, and punitive damages, indisputably fall within the broad language of the Arbitration Clause, that is, *any matter* between Fintegra and the Broker.

Moreover, although Fintegra argues, at p.9 of its Motion (ECF DKT #4), that "as Mr. Lamb's state court filing can only be construed as a breach of his Employment Agreement, Fintegra is entitled to its reasonable attorneys' fees and expenses in bringing this Motion pursuant to paragraph 18 of Mr. Lamb's Employment Agreement," and then asks the Court to award such reasonable attorneys' fees and expenses, the Court declines to make such an attorney fee award.  Since Defendants correctly point out that any controversy or dispute between Lamb and Fintegra *shall be submitted for ultimate resolution through arbitration before FINRA*, Defendants' claimed entitlement to fees and expenses is also exclusively a matter to be resolved in FINRA arbitration.

### III. CONCLUSION

Based upon the parties' filings and the applicable law, the Court determines that the above-captioned matter, including any potential award of attorneys' fees and expenses, is encompassed by the Arbitration Clause (Paragraph 18) of Plaintiff's executed Employment

Agreement with Fintegra.  The Court further finds that all of the parties' claims are subject to binding arbitration; and that there is nothing left before this Court except to execute judgment.  *Stachurski*, 642 F.Supp.2d at 764.

Therefore, the Motion (ECF DKT #4) of Defendants, Fintegra, LLC ("Fintegra") and Doreen Weber ("Weber"), to Compel Arbitration and Stay All Proceedings Pending Litigation [sic], and the Motion (ECF DKT #8) of Plaintiff, Douglas Lamb, for Stay Pending FINRA Arbitration and to Vacate Case Management Order for 07/24/13 are granted; the parties shall proceed to arbitration with the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution; the Case Management Conference is cancelled; and the above-captioned case is dismissed in its entirety.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  June 12, 2013**

-6-